UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER FRICK,

          Plaintiff,

   v.

UNITED STATES OF AMERICA, *et al.*,

          Defendants.

Case No. C22-801-JHC-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Christopher Frick, proceeding *pro se* and *in forma pauperis*, is a federal prisoner who is confined at the Federal Detention Center ("FDC SeaTac") in SeaTac, Washington. This matter is before the Court on Plaintiff's emergency motion for a temporary restraining order ("TRO") and a preliminary injunction seeking that he be placed on electronic home confinement and injunctive relief against FDC SeaTac ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 11).) This Court previously declined service of Plaintiff's proposed complaint and granted him leave to amend by July 27, 2022. (Dkt. # 10.) An amended complaint has not yet been filed.

REPORT AND RECOMMENDATION - 1

Having considered Plaintiff's submissions, the governing law, and the balance of the record, the Court recommends that Plaintiff's Motion (dkt. # 11) be DENIED, as further explained below.

## II.  BACKGROUND

Plaintiff's Motion alleges that he is being denied proper medical and dental care at FDC SeaTac and that the facility is failing to follow proper CDC protocols with regard to recent COVID-19 outbreaks. (Pl.'s Mot. at 1.) Plaintiff alleges that he has a compromised immune system due to Crohn's disease and that this puts him at higher risk of contracting COVID-19 and suffering from complications. (*Id.* at 2-3.) Plaintiff alleges that he has contracted COVID-19 and suffered from vomiting, rectal bleeding, fever, and fatigue.[1] (*Id.*)

Plaintiff alleges that he suffers from consistent flares related to his Crohn's disease that have been improperly treated and ignored while he has been confined at FDC SeaTac. (Pl.'s Mot. at 3.) Plaintiff alleges that he was placed on Prednisone by FDC SeaTac, which he claims has previously caused him adverse effects. (*Id.*) Plaintiff also appears to indicate that he has since refused the medication and is currently suffering from adverse effects of not having an effective treatment for his flare ups. (*Id.* at 4.) As a result, Plaintiff alleges he suffers from severe diarrhea, vomiting, cramping, severe pain in his abdomen, and internal and rectal bleeding, and that he has been provided an improper nutritional diet to help alleviate his symptoms. (*Id.*) Plaintiff alleges that his complications with his Crohn's disease have also had a negative effect on his dental health, and that he suffers from "acid mouth" due to the severity of his Crohn's disease. (*Id.* at 4-5.)

---

[1] Plaintiff's Motion later notes that his test may have been a false positive, but that he was never subsequently re-tested. (Pl.'s Mot. at 2.)

REPORT AND RECOMMENDATION - 2

1    Finally, Plaintiff alleges that his dental health has further been harmed by FDC SeaTac
2 due to ignored issues with a cracked anchor tooth. (Pl.'s Mot. at 5-6.) Plaintiff alleges that his
3 tooth has been cracked for the past seven months, and despite having x-rays and being evaluated
4 for the pain, nothing has been done by FDC SeaTac to alleviate the issue. (*Id.* at 6.)
5 Consequently, Plaintiff claims that he can no longer chew his food properly, which has had a
6 negative effect on his Crohn's disease. (*Id.*)
7    Based on the allegations identified in Plaintiff's Motion, Plaintiff argues that temporary
8 release to home confinement and a preliminary injunction against FDC SeaTac are appropriate
9 due to FDC SeaTac's handling of the COVID-19 pandemic and deliberate indifference to his
10 medical and dental health. (Pl.'s Mot. at 1, 7-18.)

### III.   DISCUSSION

12    An injunction or TRO is appropriate to grant relief of the same character as which may be
13 granted finally, and relief is not proper when requested on matters lying wholly outside the issues
14 in suit. *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *see also Devose*
15 *v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (to obtain injunctive relief, the party "must
16 necessarily establish a relationship between the injury claimed in the party's motion and the
17 conduct asserted in the complaint.") In addition, a district court has no authority to grant relief in
18 the form of a TRO or preliminary injunction where it has no jurisdiction over the
19 parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too,
20 is an essential element of the jurisdiction of a district . . . court, without which the court is
21 powerless to proceed to an adjudication." (citation and internal quotations omitted)).
22    In this case, Plaintiff procedurally cannot proceed with his motion as Plaintiff has yet to
23 file a viable complaint nor identified defendants to proceed against in this action. (*See* dkt. # 10.)

REPORT AND RECOMMENDATION - 3

As explained in the Court's previous Order, there can be no *Bivens* cause of action against the United States Government, a federal agency, or government officers in their official capacities. (Id. at 4-5 (citing *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994).) Furthermore, this Court cannot issue an order against individuals who are not a party to a suit pending before it. *See Zepeda v. INS*, 753 F.2d 719, 728 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Because there is no operative complaint pending, Plaintiff's Motion is not properly before the Court at this time. Accordingly, Plaintiff's Motion should be denied without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion (dkt. # 11) be DENIED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 22, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable John H. Chun.

\\

\\

REPORT AND RECOMMENDATION - 4

Dated this 1st day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5