UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER FRICK, | CASE NO. 2:22-cv-00801-JHC-MLP |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge. Dkt. # 12. Having viewed the Report and Recommendation, Plaintiff Christopher Frick's objections, and the remaining record, the Court ADOPTS the Report and Recommendation (Dkt. # 12) and DENIES without prejudice Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction (Dkt. # 11).

Plaintiff, who is proceeding pro se and in forma pauperis, is confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Plaintiff filed a proposed civil rights complaint against the United States of America and FDC SeaTac, alleging that FDC SeaTac denied him proper medical and dental care and violated his First, Fourth, Sixth, Eighth, and

ORDER - 1

Fourteenth Amendment rights. Dkt. # 6-1 at 4–5, 18. Plaintiff then filed a proposed amended complaint, alleging that he informed the Court and FDC SeaTac staff that he is immunocompromised and at a higher risk of suffering complications if he were to contract COVID-19. Dkt. # 6-2 at 1–2, 10. He said the Court denied his request for pretrial release and FDC SeaTac placed him in higher risk of contracting COVID-19 in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. *Id.* at 14–15, 18, 28.

On review of the proposed complaints, Judge Peterson found they suffered from the following deficiencies: (1) Plaintiff did not clearly identify a federal officer who allegedly acted in their individual capacity to deprive his constitutional rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (conferring a private cause of action when a federal official violates a constitutional right in their individual capacity); (2) Plaintiff did not comply with the pleading rules set forth in Federal Rule of Civil Procedure Rule 8(a); (3) Plaintiff's claims against the Court for its pretrial rulings were likely barred by judicial immunity; and (4) Plaintiff did not show that he exhausted administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Dkt. # 10 at 4–6. Judge Peterson declined to direct service of Plaintiff's proposed complaint and proposed amended complaint, and granted Plaintiff leave to cure the deficiencies by filing an amended complaint. *Id.* at 2, 7.

Before filing an amended complaint, Plaintiff moved for an emergency temporary restraining order ("TRO") and preliminary injunction against FDC SeaTac, seeking release to electronic home monitoring. Dkt. # 11. Plaintiff again alleged he is suffering from health ailments and at a higher risk of suffering complications if he were to contract COVID-19. *Id.* at 1–2. He also alleged that FDC SeaTac is denying him proper medical and dental care, and that FDC SeaTac "intentionally placed [him] in direct contact with COVID-19 due to the negligence

ORDER - 2

and deliberate indifference of FDC SeaTac staff and the lack of FDC SeaTac staff to follow COVID-19 Protocols set in place by the CDC." *Id.* at 2.

Judge Peterson issued a Report and Recommendation, recommending the Court deny Plaintiff's motion for a TRO and preliminary injunction because Plaintiff had not yet filed "a viable complaint nor identified defendants to proceed against in this action." Dkt. # 12. Judge Peterson explained that "a district court has no authority to grant relief in the form of a TRO or preliminary injunction where it has no jurisdiction over the parties." *Id.* at 3 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (without personal jurisdiction, the court is "powerless to proceed to an adjudication")); *see also Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Because "this Court cannot issue an order against individuals who are not a party to a suit pending before it," the Court lacked personal jurisdiction and lacked authority to grant the TRO and preliminary injunction. *Id.* at 3–4.

Plaintiff subsequently filed an Amended Complaint (Dkt. # 13) and a Motion for Leave to File an Amended Complaint Naming Additional Defendants (Dkt. # 16). Plaintiff also filed objections to the Report and Recommendation. Dkt. # 14. Plaintiff asserted that because he filed an amended complaint, "[t]here should now be an operative complaint before the court," and asked the court to reconsider its Report and Recommendation. *Id.* at 1. On review of the Amended Complaint and Motion for Leave, Judge Peterson found Plaintiff's Amended Complaint again suffered deficiencies: (1) *Bivens* does not apply to Plaintiff as a pretrial detainee; (2) Plaintiff did not comply with the pleading rules and standards set forth in Rule 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); (3) Plaintiff can only challenge his criminal

ORDER - 3

charges in the context and venue of his criminal case; (4) Plaintiff must identify by name one or more "John Doe" Defendants; and (5) *Monell v. Dept. of Soc. Servs. of City of New* York, 436 U.S. 658 (1978) does not apply to Defendants who are federal employees.  Dkt. # 17 at 9–12.  Judge Peterson declined to direct service of Plaintiff's Amended Complaint and granted Plaintiff leave to file a second amended complaint.  Dkt. # 17 at 1–2.

To grant a TRO or preliminary injunction, the Court must have jurisdiction over the parties.  *See Zepeda*, 753 F.2d at 727; *Ruhrgas*, 526 U.S. at 584.  Here, the Court has not ordered service of Plaintiff's proposed or amended complaints.  And there is otherwise no proof of service in the record and no defendant has appeared.  Until Plaintiff identifies the Defendants and serves a Defendant, the Court continues to lack personal jurisdiction, and lacks authority to provide Plaintiff with any of his requested relief.[1]  *See, e.g.*, *Smith v. Gant*, No. CV 12-7207 DDP (JCG), 2013 WL 12474473 (C.D. Cal. Feb. 4, 2013) (Because none of the defendants were served, the court lacked personal jurisdiction and thus lacked the authority to enjoin the defendants).  Thus, the Court ADOPTS the Report and Recommendation (Dkt. # 12) and DENIES without prejudice Plaintiff's motion for a TRO and preliminary injunction (Dkt. # 11).

The Court directs the Clerk to send copies of this Order to Plaintiff and to Judge Peterson, and to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

---

[1] Federal Rule of Civil Procedure 65(b)(1) does permit the court to issue a TRO "without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). But Plaintiff has not certified in writing any efforts to give notice and why notice should not be required.

ORDER - 4

Dated this 10th day of August, 2022.

John H. Chun
United States District Judge

ORDER - 5