UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER FRICK,

                Plaintiff,

    v.

DR. DY, *et al.*,

                Defendants.

Case No. C22-801-JHC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Christopher Frick, proceeding *pro se* and *in forma pauperis*, is a federal prisoner who is confined at the Federal Detention Center ("FDC SeaTac") in SeaTac, Washington.

This matter is before the Court on Plaintiff's "Motion for Temporary Release Order and Preliminary Injunction," which the Court construes as Plaintiff's second motion for a temporary restraining order ("TRO") seeking placement on electronic home confinement and injunctive relief against FDC SeaTac ("Plaintiff's Motion").[1] (Pl.'s Mot. (dkt. # 20); *see* dkt. # 11) This

---

[1] For reasons unexplained, Plaintiff's Motion was simultaneously filed in this matter as well as in his pending federal criminal case. *See United States v. Frick*, CR21-110-RAJ (W.D. Wash.), dkt. # 94.

REPORT AND RECOMMENDATION - 1

Court has twice previously declined service of Plaintiff's proposed complaint and Plaintiff was granted leave to amend. (Dkt. ## 10, 17.) An operative amended complaint has not yet been filed.[2]

Having considered Plaintiff's submissions, the governing law, and the balance of the record, the Court recommends that Plaintiff's Motion (dkt. # 20) be DENIED, as further explained below.

## II.   DISCUSSION

This is the second time that Plaintiff has sought placement on electronic home confinement and injunctive relief against FDC SeaTac in this matter. (*See* dkt. # 11.) Plaintiff's allegations are largely reiterated from his first TRO, which this Court has previously detailed in considering Plaintiff's first TRO. (*See* dkt. # 12 at 2-3.) Based on the similar allegations identified in Plaintiff's Motion, Plaintiff again argues that temporary release to home confinement and a preliminary injunction against FDC SeaTac are appropriate due to FDC SeaTac's handling of the COVID-19 pandemic and deliberate indifference to his medical and dental health. (*See* Pl.'s Mot. at 1-3, 7.)

However, as explained in the Court's last report and recommendation (*see* dkt. # 12 at 3), Plaintiff procedurally cannot proceed with his TRO motion as he has yet to file a viable complaint. An injunction or TRO is appropriate to grant relief of the same character as which may be granted finally, and relief is not proper when requested on matters lying wholly outside the issues in suit. *See DeBeers Consol. Mines v. United States.*, 325 U.S. 212, 220 (1945); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (to obtain injunctive relief, the party

---

[2] On August 19, 2022, Plaintiff submitted his second amended complaint, but his filing was deficient due to the omission of several pages in his amended complaint submission. (*See* dkt. ## 21-22.) Plaintiff has been granted until September 22, 2022, to correct his filing.

REPORT AND RECOMMENDATION - 2

"must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.")

Because Plaintiff has still yet to file an operative complaint in this matter, Plaintiff's Motion is not properly before the Court at this time. Accordingly, Plaintiff's Motion should be denied without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion (dkt. # 20) be DENIED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 16, 2022**.

The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and to the Honorable John H. Chun.

Dated this 23rd day of August, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3