UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER FRICK,

                Plaintiff,

    v.

DR. DY, *et al.*,

                Defendants.

Case No. C22-801-JHC-MLP

ORDER

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Christopher Frick, proceeding *pro se* and *in forma pauperis*, is a federal prisoner who is confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). This matter comes before the Court on Plaintiff's "Motion for Temporary Release Order ["TRO"] and Preliminary Injunction," seeking placement on electronic home confinement and injunctive relief against FDC SeaTac ("Plaintiff's Motion"). (Dkt. # 33.)

This is the third time Plaintiff has sought placement on electronic home confinement and/or injunctive relief against FDC SeaTac in this matter. (*See* dkt. ## 11, 20.) Plaintiff's two prior motions for preliminary injunctive relief were denied because Plaintiff had yet to submit a

ORDER - 1

1  viable complaint in this matter. (*See* dkt. ## 12, 18, 23, 28.) On September 2, 2022, following
2  Plaintiff's submission of his second motion for TRO and preliminary injunctive relief, this Court
3  directed that Plaintiff's second amended complaint be served on Defendants. (Dkt. # 26.) The
4  Court has now received return receipts with respect to the service documents mailed to
5  Defendants, but Defendants have yet to appear in this matter. (Dkt. ## 27, 29-31, 33.)

6  Plaintiff's Motion is nearly identical to his second motion for TRO, which this Court has
7  previously detailed. (*See* dkt. # 23 at 2; *see also* dkt. # 12 at 2-3.) The only relevant difference in
8  Plaintiff's latest submission is that Plaintiff has now attached three additional pages that appear
9  to only seek a preliminary injunction.[1] (*See* dkt. # 33 at 8-10.) Specifically, Plaintiff's additional
10 allegations largely reiterate concerns regarding FDC SeaTac's handling of his medical and dental
11 health and claims that his deteriorated physical health has now led to a trial continuance in his
12 pending criminal case. (*See id.* at 8-11.) Nonetheless, the crux of Plaintiff's argument is that
13 temporary release to home confinement, and a preliminary injunction against FDC SeaTac, are
14 appropriate to "prevent any further medical or dental neglect" or "intentional expos[ure] to
15 COVID-19." (*See id.* at 7.)

16 Though Plaintiff has now filed a viable complaint in this matter, Plaintiff's Motion
17 improperly seeks a TRO to be placed on electronic home confinement. An injunction or TRO is
18 only appropriate to grant relief of the same character as that which may be finally granted in the
19 underlying action. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). An
20 "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the

---

[1] Plaintiff is awaiting adjudication of charges for possession of a controlled substance with intent to distribute in a criminal action pending before the Honorable Richard A. Jones. *See United States v. Frick*, CR21-110-RAJ, dkt. # 11 (W.D. Wash.). Plaintiff's additional pages appear to have been copied and excerpted from an amended motion to dismiss that Plaintiff contemporaneously filed in his pending criminal action. (*See id.*, dkt. # 104 at 3-5.)

ORDER - 2

prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, Plaintiff's sought relief of an early release from confinement cannot be obtained in a civil rights action under *Bivens*. Instead, as noted above, a writ of habeas corpus is the exclusive remedy for such relief. Plaintiff is therefore advised again that any claims or challenges related to his underlying criminal charges—including any request for early release from detention—need to be raised in the context and venue of his ongoing criminal case, or in a subsequent and properly filed habeas proceeding and not by way of Plaintiff's *Bivens* action. However, in light of Plaintiff's remaining claims regarding Defendants' alleged inadequate care of his medical and dental health needs, this Court will construe Plaintiff's Motion solely as a motion for a preliminary injunction.

As Defendants have yet to appear in this matter and currently have no notice of Plaintiff's Motion, the Clerk is directed to RE-NOTE Plaintiff's Motion (dkt. # 33) for the Court's consideration on **November 4, 2022**. The Clerk is further directed to send a copy of Plaintiff's Motion (dkt. # 33) and a copy of this Order to Defendants: (1) Federal Detention Center-SeaTac ("FDC SeaTac") Chief Dentist J. Parker; (2) FDC SeaTac Dr. Dy; (3) FDC SeaTac Unit DC Counselor Smith; (4) FDC SeaTac Unit DB Counselor Beihling; (5) FDC SeaTac Unit Team Supervisor Fernandez; (6) FDC SeaTac Warden Israel Jacquez; (7) FDC SeaTac Clinical Director Scotty Bussell; and (8) FDC SeaTac Health Service Administrator Giles Durano, by

ORDER - 3

certified mail, return receipt requested. Defendants shall file a response to Plaintiff's Motion, or seek an appropriate extension of time to respond, by **October 31, 2022**.

Finally, the Clerk is directed to send copies of this Order to Plaintiff and to the Honorable John H. Chun.

Dated this 29th day of September, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4