UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER FRICK, <br><br> Plaintiff, <br><br> v. <br><br> DR. DY, *et al.*, <br><br> Defendants. | Case No. C22-801-JHC-MLP <br><br> REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Christopher Frick, proceeding *pro se* and *in forma pauperis* ("IFP"), is a federal prisoner who was confined at the Federal Detention Center ("FDC") in SeaTac, Washington.

This matter is before the Court on Plaintiff's "Motion for Temporary Release Order and Preliminary Injunction," which the Court construes as Plaintiff's third motion for a temporary restraining order ("TRO") seeking placement on electronic home confinement and injunctive relief against FDC SeaTac based on its handling of his medical and dental health needs

REPORT AND RECOMMENDATION - 1

1  ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 33); *see* dkt. ## 11, 20.) Defendants have not yet responded to Plaintiff's Motion.

Having considered Plaintiff's submissions, the governing law, and the balance of the record, the Court recommends that Plaintiff's Motion (dkt. # 33) be DENIED as moot, as further explained below.

## II. DISCUSSION

This is the third time Plaintiff has sought placement on electronic home confinement and injunctive relief against FDC SeaTac in this matter. (*See* dkt. ## 11, 20.) Plaintiff's allegations are substantially similar to those set forth in his prior TROs, which this Court has previously detailed. (*See* dkt. ## 12 at 2-3, 23 at 2.) Based on the similar allegations identified in Plaintiff's Motion, Plaintiff seeks temporary release to home confinement and a preliminary injunction against FDC SeaTac to "prevent any further medical or dental neglect" or "intentional expos[ure] to COVID-19." (*See* dkt. # 33 at 1, 7.)

On September 29, 2022, this Court advised Plaintiff that his sought relief of an early release could not be obtained in a civil rights action under *Bivens*, but that in light of his claims regarding inadequate care of his medical and dental health needs, the Court would construe his Motion solely as a motion for a preliminary injunction. (Dkt. # 34 at 3.) Because Defendants had not yet appeared in this matter, Plaintiff's Motion was re-noted for the Court's consideration on November 4, 2022. (*Id.*) On November 14, 2022, this Court granted Defendants an extension of time to respond to Plaintiff's Motion as they had not yet appeared because they were awaiting a decision from the Department of Justice on their request for representation. (Dkt. # 38 at 1-2.) Defendants were thus directed to file their response to Plaintiff's Motion on or before January 2, 2023. (*Id.* at 2.)

However, on December 14, 2022, the Honorable Richard A. Jones temporarily released Plaintiff for purposes of obtaining treatment for his medical conditions in the community.[1] *See United States v. Frick*, CR21-110-RAJ-1 (W.D. Wash.), dkt. ## 126-27. Plaintiff executed an appearance bond and currently has a status hearing set in his case before Judge Jones on January 20, 2023. *See id.*

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

Here, Plaintiff's request for release from FDC SeaTac on electronic home confinement to receive medical attention, and/or an injunction against FDC SeaTac, centrally comprised his sought relief in his Motion. (*See* dkt. # 33 at 1, 7.) Given that Plaintiff has now obtained a temporary release from confinement to obtain medical treatment for his conditions, the Court finds that the relief sought in Plaintiff's Motion has now been afforded to him. Accordingly, the Court recommends Plaintiff's Motion be denied as moot at this time.

---

[1] Plaintiff is awaiting adjudication of charges for possession of a controlled substance with intent to distribute in a criminal action pending before Judge Jones. *See United States v. Frick*, CR21-110-RAJ-1, dkt. # 11 (W.D. Wash.).

REPORT AND RECOMMENDATION - 3

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's Motion (dkt. # 33) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 13, 2023**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John H. Chun. Given Plaintiff's release from FDC SeaTac, the Clerk is further directed to send a copy of this Order to Plaintiff's last known address at: 27340 Village Place NW, Stanwood, WA 98292.

Dated this 21st day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4