
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER FRICK,<br><br>            Plaintiff,<br><br>   v.<br><br>DR. DY, *et al.*,<br><br>            Defendants. | Case No. C22-801-JHC-MLP<br><br>ORDER |

## I. INTRODUCTION

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Christopher Frick, proceeding *pro se* and *in forma pauperis* ("IFP"), is a federal prisoner who was confined at the Federal Detention Center ("FDC") in SeaTac, Washington.[1]

This matter comes before the Court on Plaintiff's "Motions to Add": (1) "Seven Corners"; (2) FDC SeaTac Assistant Health Services Administrator ("AHSA") Kevin Posalski;

---

[1] Since the filing of Plaintiff's motions, the Honorable Richard A. Jones temporarily released Plaintiff in on December 14, 2022, for purposes of obtaining treatment for his medical conditions in the community in his underlying criminal case. *See United States v. Frick*, CR21-110-RAJ-1 (W.D. Wash.), dkt. ## 126-27. Plaintiff executed an appearance bond and has a status hearing set for January 20, 2023, before Judge Jones. (*Id.*)

ORDER - 1

1  (3) FDC SeaTac Health Services Administrator ("HSA") "T. Thomas"; (4) FDC SeaTac Warden

2  Israel Jacquez, and (5) the Federal Bureau of Prisons ("BOP") as defendants in this action

3  ("Plaintiff's Motions"). (Dkt. ## 39, 42-43.) Defendants have not filed a response in opposition

4  to Plaintiff's Motions.

5        Having considered Plaintiff's submissions, the governing law, and the balance of the

6  record, Plaintiff's Motions (dkt. ## 39, 42-43) are GRANTED in part and DENIED in part, as

7  further explained below.

### III.  BACKGROUND

9        On September 2, 2022, this Court directed that Plaintiff's second amended complaint

10  ("SAC") be served on Defendants. (Dkt. # 26.) In sum, Plaintiff's SAC generally alleges that,

11  from June 2021 to present, he has suffered various deprivations of his constitutional rights due to

12  Defendants' handling of his Crohn's Disease, dental issues, and the COVID-19 pandemic.[2] (See

13  SAC (dkt. # 24) at 1-14.) Plaintiff now seeks to join additional defendants in this matter. (Dkt.

14  ## 39, 42-43.)

15        First, Plaintiff seeks to add "Seven Corners" as a defendant for its alleged failure to

16  maintain or forward his "continuity of care" medical records to Chi Franciscan Health Services.

17  (Dkt. # 39 at 1.) Though unclear from Plaintiff's Motion, it appears "Seven Corners" operated as

18  Plaintiff's health care administrator while he was confined at FDC SeaTac. (See id.) Plaintiff

19  alleges "Seven Corners" failed to forward his medical records, which caused the cancellation of

20  an August 30, 2022, colonoscopy appointment, after he had already finished colonoscopy

21  preparation. (Id.) Plaintiff claims this failure to forward his medical records resulted in deliberate

---

[2] Plaintiff's claims were previously detailed in full in this Court's second Order declining service and granting leave to amend. (See dkt. # 17 at 2-8.)

ORDER - 2

indifference to his medical needs because of the abdominal pain he suffers from due to his Crohn's Disease and the resulting delay in receiving medical treatment for his condition. (*Id.*)

Plaintiff next seeks to add AHSA Posalski and HSA "T. Thomas" based on their failure to treat his Crohn's Disease and high blood pressure. (Dkt. # 42 at 1.) Plaintiff alleges that, on October 31, 2022, in his underlying criminal case, the Honorable Richard A. Jones ordered AHSA Posalski to provide Plaintiff medical treatment within two weeks for his Crohn's Disease, high blood pressure, and tooth pain. (*Id.*) Plaintiff notes that he was taken to an outside oral surgeon on November 3, 2022, to have his tooth pain addressed, at which time he was provided with blood pressure readings indicative of stage 3 hypertension. (*Id.*) Plaintiff alleges that since his return from his oral surgery appointment to FDC SeaTac, his blood pressure and Crohn's Disease have remained unmonitored and unaddressed. (*Id.*) Plaintiff alleges that AHSA Posalski and HSA "T. Thomas" were both deliberately indifferent to his medical needs by being aware of his blood pressure readings but failing to monitor them or have them addressed by an outside medical provider. (*Id.*)

Plaintiff further alleges that upon his return from the oral surgeon to FDC SeaTac, he was prescribed hydrocodone for pain associated with his oral surgery but received ibuprofen in its place. (Dkt. # 42 at 2.) Plaintiff alleges that ibuprofen is contraindicated for his Crohn's Disease as its use can cause internal bleeding. (*Id.*) Plaintiff alleges that AHSA Posalski was therefore also deliberately indifferent to his medical needs in this regard by prescribing a medication that could cause Plaintiff serious adverse effects. (*Id.*)

Finally, Plaintiff seeks to add the BOP as a defendant and to add new claims against Warden Jacquez. (Dkt. # 43 at 1.) Plaintiff seeks to assert that Warden Jacquez and the BOP implemented the "Primary Care Provider Team" ("PCPT") health service program, which has

ORDER - 3

led to various deficiencies with his medical care at FDC SeaTac due to inadequate staffing. (*Id.* at 1.) Plaintiff alleges that he has tried on multiple occasions to utilize the electronic sick call system as part of the PCPT program to no avail, resulting in inadequate care for his medical conditions and deliberate indifference to his serious medical needs. (*Id.*) Plaintiff claims he has suffered for 18 months while at FDC SeaTac due to the failure to provide him medical care for his exposed tooth nerve, Crohn's Disease, and high blood pressure, and that his medical conditions have become life threatening based on his current blood pressure readings and lab results. (*Id.* at 2.)

### III. DISCUSSION

Plaintiff's Motions seek to join the above-identified defendants and claims pursuant to Federal Rule of Civil Procedure 15(a).[3] (*See* dkt. # 39 at 1.) Therefore, Plaintiff's Motions are, in effect, motions to amend his complaint.

Rule 15(a)(1) provides that a party may amend its complaint once as a matter of course within 21 days after serving it—or if the pleading is one to which a responsive pleading is required—21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Additionally, Federal Rule of Civil Procedure 20 provides for joinder. Under Rule 20, defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

---

[3] Though Plaintiff failed to provide any authority for his requested joinder of AHSA Posalski, HSA "T. Thomas," Warden Jacquez, and the BOP (*see* dkt. ## 42-43), the Court will construe his *pro se* request liberally. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

ORDER - 4

This Court's Local Civil Rule ("LCR") 15 further imposes requirements for amendment of a pleading. Pursuant to LCR 15, a party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to their motion, indicate how it differs from the preceding pleading, and must not incorporate by reference any part of the preceding pleading, including exhibits. *See* LCR 15.

This Court previously directed service of Plaintiff's SAC on September 2, 2022. (Dkt. # 26.) FDC SeaTac Defendants Chief Dentist J. Parker, "Dr. Dy," Unit DC Counselor "Smith," Unit DB Counselor "Beihling," Unit Team Supervisor "Fernandez," Warden Jacquez, and HSA Giles Durano received copies of Plaintiff's summons and complaint by certified mail between November 9, 2022, and November 12, 2022.[4] (*See* dkt. ## 37 at 2, 38 at 2.) Plaintiff's Motions were all filed between November 16, 2022, and November 23, 2022, shortly after Defendants received service. (*See* dkt. ## 39, 42-43.)

Plaintiff's Motions are therefore timely filed to allow for amendment of his complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Joinder of Plaintiff's newly identified FDC SeaTac HSA defendants also appears proper. Plaintiff's claims for relief against AHSA Posalski and HSA "T. Thomas" all arise out of circumstances related to his alleged inadequate medical care and treatment at FDC SeaTac previously raised in his SAC, and questions of law or fact common to all of the FDC SeaTac defendants will arise. *See* Fed. R. Civ. P. 20(a)(2).

Nevertheless, though Plaintiff will be permitted to amend his complaint, there are several deficiencies with his sought amendments and joinder. Plaintiff may not file piecemeal documents comprising his complaint. Instead, Plaintiff must submit an amended complaint, which conforms

---

[4] Defendant Scotty Bussell is no longer a BOP employee, and to the Court's knowledge, has not been served. (Dkt. # 37 at 1 n.2.) However, on December 16, 2022, the Assistant United States Attorney representing Defendants entered a notice of appearance on behalf of Mr. Bussell. (Dkt. # 46.)

ORDER - 5

with the Federal Rules of Civil Procedure and this Court's Local Rules, containing all of his claims against all of the parties he seeks to proceed against in this action. Any amended complaint must therefore remedy the deficiencies described below.

First, with regard to his addition of AHSA Posalski and HSA "T. Thomas" and claims against them, Plaintiff is advised that his amended complaint must: (1) identify the individual(s) whom he alleges caused him harm and the constitutional right he believes was violated by the conduct of each individual; and (2) allege specific facts demonstrating how each individual personally participated in causing him constitutional harm. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Next, Plaintiff must provide the Court with a copy of an amended complaint that comprehensively incorporates and identifies all of his intended claims and defendants. *See* LCR 15. In particular, Plaintiff must submit an amended complaint that identifies all of his claims against all defendants and indicates how his amended complaint differs from his SAC submission and what amendments were made. *See* LCR 15. Plaintiff must not incorporate by reference any part of his prior pleadings. Any additional claims or defendants sought to be added will be subject to this Court's review under Rule 15(a)(2) for inclusion. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.").

Furthermore, as explained to Plaintiff in this Court's prior screening orders, the BOP cannot be named as a defendant in this action as there can be no *Bivens* cause of action against a

ORDER - 6

federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994). Similarly, there can be no *Bivens* cause of action against "Seven Corners" because it appears it operates as a private health care benefits contractor for FDC SeaTac. (*See* dkt. # 39 at 1.) The Supreme Court has barred *Bivens* claims against such entities. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 n.2 (2001) (holding *FDIC v. Meyer* "forecloses the extension of *Bivens* to private entities"); *see also Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (declining to extend *Bivens* claim against privately employed prison personnel and finding prisoner must instead seek a remedy under state tort law.) Because "the purpose of *Bivens* is to deter individual federal officers from committing constitutional violations[,]" *Bivens* does not provide an action for damages against private entities acting under color of federal law. *See Corr. Servs. Corp.*, 534 U.S. at 70-72. Plaintiff is therefore advised that any amended complaint seeking to add the BOP and "Seven Corners," or otherwise seeking to allege claims against them, would be found futile. To the extent, Plaintiff intends to assert an additional claim against Warden Jacquez, Plaintiff's amended complaint will need to identify this separate claim in his amended complaint.

Finally, it is unclear from Plaintiff's Motions and latest exhibit submissions (*see* dkt. # 45), whether Plaintiff has exhausted administrative remedies with respect to his new defendants and claims. Thus, Plaintiff is advised that his new claims will be subject to dismissal, without consideration of the merits of his claims, if he failed to exhaust his new claims through the administrative remedy process. *See* 42 U.S.C. § 1997e(a); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014).

## IV.  CONCLUSION

Based on the foregoing, Plaintiff's Motions (dkt. ## 39, 42-43) are GRANTED in part and DENIED in part. Specifically, Plaintiff's Motions (dkt. ## 42-43) are GRANTED as to the

ORDER - 7

addition of claims against AHSA Posalski, HSA "T. Thomas," and Warden Jacquez, but DENIED as to the BOP. Plaintiff's Motion (dkt. # 39) as to the addition of claims against "Seven Corners" is DENIED. Plaintiff is directed to submit an amended complaint conforming with the Court's requirements by **January 6, 2023**. Defendants' deadline to respond to Plaintiff's future amended complaint shall remain **February 13, 2023** at this time.

The Clerk is directed to send copies of this Order to the parties and to the Honorable John H. Chun. Given Plaintiff's release from FDC SeaTac, the Clerk is further directed to send a copy of this Order to Plaintiff's last known address at: 27340 Village Place NW, Stanwood, WA 98292.

Dated this 22nd day of December, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8