UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER FRICK,

               Plaintiff,

    v.

DR. DY, *et al.*,

               Defendants.

Case No. C22-801-JHC-MLP

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The Court, having reviewed Plaintiff's third amended complaint (dkt. # 52) and "Motion for Proposed Amended Complaint" (dkt. # 53), and having already previously granted Plaintiff leave to amend to add the additional defendants and claims detailed in his third amended complaint (dkt. # 48), GRANTS Plaintiff's Motion (dkt. # 53) and ORDERS as follows:

    (1)    <u>Service by Clerk</u>

The Clerk is directed to send the following to Defendants Federal Detention Center-SeaTac ("FDC SeaTac") Acting Assistant Health Services Administrator Kevin Posalski and FDC SeaTac Health Services Administrator "T. Thomas" by certified mail, return receipt

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 1

requested: a copy of Plaintiff's third amended complaint and all supporting documents (dkt. # 53), a copy of this Order, two copies of the notice of lawsuit and request for waiver of service of summons, a waiver of service of summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

Pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, the Clerk shall also send copies of all the aforementioned documents to the Attorney General of the United States at Washington, D.C., and to the civil process clerk at the Office of the United States Attorney for this District, by certified mail, return receipt requested.

(2)     <u>Response Required</u>

Defendants shall have **thirty (30) days** within which to return the enclosed waivers of service of summons. A Defendant who fails to timely return a signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. Defendants shall file and serve a responsive pleading within **sixty (60) days** after service.

(3)     <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.

(4)     <u>Motions, Generally</u>

Any request for court action shall be set forth in a motion, properly filed and served. Pursuant to LCR 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document. The motion shall include in its caption

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 2

(immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the Court's motion calendar.

Stipulated and agreed motions, motions to file over-length motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in LCR 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* LCR 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *Id.*

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion. The party making the motion may electronically file and serve, not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(5)     <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve *Rand* notices concurrently with motions to dismiss based on failure to exhaust

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 3

administrative remedies and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

  (6) <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

  (7) The Clerk is directed to send a copy of this Order to Plaintiff.

\\

\\

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 4

Dated this 3rd day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DIRECTING SERVICE OF CIVIL RIGHTS COMPLAINT - 5