UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER FRICK,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>               Defendants. | Case No. C22-0801-JHC-SKV<br><br>ORDER GRANTING MOTION TO APPOINT COUNSEL AND DIRECTING PRO BONO COORDINATOR TO IDENTIFY PRO BONO COUNSEL |

## I. INTRODUCTION

This is a prisoner civil rights action proceeding under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff Christopher Frick, proceeding pro se and *in forma pauperis*, is a federal prisoner who was formerly confined at the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Plaintiff previously moved for appointment of counsel, Dkt. 19, and the Court denied that motion, Dkt. 25. On July 10, 2023, Plaintiff renewed his motion to appoint counsel. Dkt. 89. Defendants do not oppose the motion.

For the reasons explained below, the Court concludes that extraordinary circumstances now support the appointment of counsel in this case. Plaintiff's renewed motion for appointment of counsel, Dkt. 89, is therefore GRANTED. Further, to permit Plaintiff the opportunity to

ORDER GRANTING MOTION TO APPOINT
COUNSEL AND DIRECTING PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL - 1

coordinate and strategize with counsel, the Court hereby strikes without prejudice to refiling Plaintiff's pending motion for summary judgment, Dkt. 78. Plaintiff's related motion to seal, Dkt. 80, and Defendants' motion for extension of time to file a responsive pleading to Plaintiff's motion for summary judgment, Dkt. 86, are likewise stricken.

## II.     DISCUSSION

Generally, the decision to appoint pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citations omitted). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff first moved for appointment of counsel shortly after commencing this action. Dkt. 19. The Court denied that motion, finding that because Plaintiff had not yet filed his amended complaint, it was too early to assess the likelihood of success on the merits of his claims. Dkt. 25 at 2. The Court further found that the legal issues at that early stage of the case, though not yet fully defined, were not particularly complex and "appear[ed] to involve relatively straightforward conditions of confinement claims that [were] limited in time and scope." *Id.* Finally, the Court found that Plaintiff had shown an adequate ability to articulate the legal and factual bases of his claims pro se and that his inability to obtain counsel independently did not "constitute an exceptional circumstance sufficient to justify appointment of counsel." *Id.*

ORDER GRANTING MOTION TO APPOINT
COUNSEL AND DIRECTING PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL - 2

1   Since that time, this litigation has advanced and circumstances have changed.  Plaintiff
2   has filed a third amended complaint, Dkt. 52, asserting several constitutional claims against ten
3   FDC SeaTac Defendants, which have survived a motion to dismiss.  Dkts. 59, 76, 77.  While the
4   Court cannot predict whether Plaintiff will ultimately prevail on his claims, this indicates some
5   likelihood of success on the merits.  Moreover,  an evidentiary hearing may now be required to
6   determine if Plaintiff properly exhausted his administrative remedies.  *See Albino v. Baca*, 747
7   F.3d 1162, 1170–71 (9th Cir. 2014) ("If a motion for summary judgment is denied [as to the
8   exhaustion of administrative remedies], disputed factual questions relevant to exhaustion should
9   be decided by the judge, in the same manner a judge rather than a jury decides disputed factual
10  questions relevant to jurisdiction and venue.").  Finally, completion of further discovery and
11  litigation of this case on the merits is likely to significantly increase the complexity of this
12  matter.

13   Given this, the Court now concludes that this case presents extraordinary circumstances
14  such that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is proper.

15              III.     CONCLUSION AND DIRECTIONS TO CLERK

16   For the foregoing reasons, Plaintiff's renewed motion for appointment of counsel, Dkt.
17  89, is GRANTED, contingent on the identification of counsel willing to represent Plaintiff in this
18  matter.  The Western District of Washington's pro bono coordinator is directed to identify
19  counsel to represent Plaintiff, in accordance with the Court's General Order 16-20 ("In re:
20  Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions"), section 4.
21  Once it has been determined whether the Court will be able to appoint an attorney to represent
22  Plaintiff, the Court will issue appropriate orders.  Additionally, Plaintiff's pending motion for
23  summary judgment, Dkt. 78, is stricken without prejudice to refiling to permit Plaintiff to

ORDER GRANTING MOTION TO APPOINT
COUNSEL AND DIRECTING PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL - 3

coordinate and strategize with counsel. Plaintiff's related motion to seal, Dkt. 80, and Defendants' motion for extension of time to file a responsive pleading to Plaintiff's motion for summary judgment, Dkt. 86, are also stricken.

The Clerk is directed to send copies of this order to the parties, the pro bono coordinator, and the Honorable John H. Chun.

Dated this 4th day of August, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING MOTION TO APPOINT
COUNSEL AND DIRECTING PRO BONO
COORDINATOR TO IDENTIFY PRO BONO
COUNSEL - 4