The Honorable John H. Chun
The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER FRICK,

    Plaintiff,

    v.

MARIA DY, JAMES PARKER, JEFFREY
SMITH, SCOTTIE BUSSELL, JASON
BEHLING, CHISTOPHER FERNANDEZ,
ISRAEL JACQUEZ, SCOTTIE BUSSELL,
GILES DURANO, T. THOMAS, and KEVIN
POSALSKI

    Defendants.

Case No. C22-801-JHC-MLP

**PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Plaintiff Christopher Frick, and through his counsel, Baker & Hostetler LLP, alleges upon knowledge as to himself and upon information and belief as to all other matters as follows:

## I.    NATURE OF ACTION

1.    This is a prisoner civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2.    Plaintiff Christopher Frick ("Plaintiff" or "Mr. Frick") was an inmate at the Federal Detention Center, SeaTac ("FDC SeaTac") from May 2021 to December 2022. At the outset of

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 1

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

Plaintiff's incarceration, Defendants (certain of FDC SeaTac's medical providers and administrative staff) became aware that Plaintiff had specialized medical needs, including suffering from Crohn's disease and requiring urgent dental treatment. Despite having this knowledge, Defendants largely ignored Plaintiff's medical needs, acting with deliberate indifference and allowing his conditions to worsen.

3. Mr. Frick was routinely denied opportunities to see prison doctors or seek treatment from outside providers.

4. Mr. Frick had an existing health care plan from outside doctors that was essential to managing his chronic health conditions. This health care plan was completely ignored upon Mr. Frick's arrival to FDC SeaTac.

5. Instead, Mr. Frick was prescribed medications that are known to be harmful for individuals with Crohn's disease.

6. When Mr. Frick eventually received treatment from outside doctors over a year after his initial incarceration (and only at the urging of a Judge in his criminal case), FDC SeaTac refused to provide the medications Mr. Frick was prescribed and instead provided *alternative* medications that are known to be harmful for individuals with Crohn's disease.

7. FDC SeaTac's medical staff utterly failed to monitor and treat Mr. Frick's health conditions despite having specific knowledge of his chronic and urgent conditions.

8. Mr. Frick used all channels available to him to bring attention to his neglect and seek appropriate care, but his requests and grievances were consistently ignored, rejected on minor technicalities, or lost entirely. As a direct and proximate result of the foregoing, Mr. Frick suffered psychological trauma, pain and suffering, emotional distress, permanent and catastrophic psychological injuries, permanent physical ailments, humiliation, fear, depression, anxiety,

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 2

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

frustration, loss of enjoyment and pleasures of life, loss of quality of life, and offenses to his personal dignity.

## II.   JURISDICTION AND VENUE

9.   This action involves claims arising under the United States Constitution. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.   Venue is proper in this district under 28 U.S.C. § 1391(e) because at least one plaintiff resides in this district, one or more defendants resides in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III.   PARTIES

11.   Plaintiff Christopher Frick is a resident of the State of Washington. From May 20, 2021 to December 15, 2022, Mr. Frick was an inmate at FDC SeaTac.

12.   Defendant Dr. Maria Dy, MD, is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. Dr. Dy is being sued in her individual capacity.

13.   Defendant James Parker, DDS, is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's dental health and well-being, and assuring that Mr. Frick's dental needs were met during the time he was in the custody of FDC SeaTac. In particular, Parker was FDC SeaTac's Chief Dentist. Parker is being sued in his individual capacity.

14.   Defendant Scottie Bussell is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 3

Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Bussell was FDC SeaTac's Clinical Director. Bussell is being sued in his individual capacity.

15.     Defendant Giles Durano, is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Durano was FDC SeaTac's Health Services Administrator (HSA). Durano is being sued in his individual capacity.

16.     Defendant Kevin Posalski, is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Posalski was FDC SeaTac's Acting Assistant Health Services Administrator (AHSA) and served as a pill line nurse. Posalski is being sued in his individual capacity.

17.     Defendant T. Thomas, is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Thomas was a health services administrator at FDC SeaTac. Thomas is being sued in his individual capacity.

18.     Defendant Jeffrey Smith is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Smith was an inmate counselor at FDC SeaTac. Smith is being sued in his individual capacity.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 4

19.    Defendant Jason Behling is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Behling was an inmate counselor at FDC SeaTac. Behling is being sued in his individual capacity.

20.    Defendant Christopher Fernandez is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Fernandez was a Unit Supervisor at FDC SeaTac. Fernandez is being sued in his individual capacity.

21.    Defendant Israel Jacquez is, and was at all times relevant hereto, an employee and/or agent of FDC SeaTac, and who was, in part, responsible for overseeing and treating Mr. Frick's health and well-being, and assuring that Mr. Frick's medical needs were met during the time he was in the custody of FDC SeaTac. In particular, Jacquez was the Warden at FDC SeaTac. Jacquez is being sued in his individual capacity.

## IV.    FACTUAL ALLEGATIONS

22.    Mr. Frick entered the custody of FDC SeaTac on May 20, 2021.

23.    Prior to being incarcerated at FDC SeaTac, Mr. Frick was put on a care plan by his outside dentist to manage a number of serious dental issues. Mr. Frick also had a dedicated care plan from his doctors at Harborview Gastroenterology to manage his chronic Crohn's Disease.

24.    Mr. Frick's wife made efforts to have his outside doctors send his treatment plan to FDC SeaTac but the doctors were unable to reach anyone at the prison despite numerous attempts.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 5

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

25.     Upon his entry to FDC SeaTac, Mr. Frick alerted medical staff that he had a severely cracked tooth requiring medical attention and causing intense pain. He expressed that he has partial dentures that require anchor points to hold an upper partial plate in place.

26.     On May 20, 2021, AHSA Kevin Posalski completed an intake health screen for Mr. Frick and became aware of his chronic Crohn's disease and dental issues.

27.     On June 15, 2021, Mr. Frick had an intake physical evaluation with Dr. Maria Dy and discussed his Crohn's disease among other topics relating to his physical condition.

28.     Dr. Dy provided no other treatment to or evaluations of Mr. Frick other than prescribing Mr. Frick prednisone from June 2021 through August 2022. Dr. Dy continuously prescribed this medication despite known adverse effects of prednisone to individuals with Crohn's disease, particularly when taken long-term.

29.     Additionally, Dr. Dy failed to schedule any follow-up appointments or lab work to evaluate Mr. Frick's conditions and other health concerns from the use of prednisone and lack of medical treatment for his chronic Crohn's disease flare-ups.

30.     Dr. Dy completely failed to monitor the adverse effects of Mr. Frick's prednisone use and did not provide necessary medical care despite numerous electronic sick call requests from Mr. Frick.

31.     In June 2021, Dentist Parker took an x-ray of Mr. Frick's tooth and found that the anchor tooth of Mr. Frick's dentures was cracked and the nerve was exposed. Parker identified this as the source of Mr. Frick's tooth pain, but neither Parker nor any other officer at FDC SeaTac followed up to treat or further evaluate Mr. Frick's tooth during the entirety of his incarceration.

32.     Outside of his June 2021 initial medical reviews and instances of COVID-19 testing, Mr. Frick's only encounter with medical staff since his incarceration at FDC SeaTac was

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 6

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

in July 2022, and only at the urging of the government and a day after the filing of his Second Motion to Review Detention Order in his associated criminal case. *United States v. Frick*, No. 2:21-CR-00110-RAJ, 2022 WL 3447772 (W.D. Wash. Aug. 17, 2022) ("Criminal Case") [Dkt. 82]. Mr. Frick was given no medical or dental appointments between these dates.

33. Mr. Frick made frequent requests for additional medical attention between June 2021 and July 2022 to no avail. Mr. Frick's requests were consistently lost, ignored, denied for unknown reasons, or rejected for frivolous administrative reasons, such as submitting the wrong number of physical copies.

34. Due to this complete lack of care, Mr. Frick's anchor tooth eroded, chipped, and rotted to the nerve. He was in extreme pain causing difficulty speaking more than a sentence at a time.

35. Mr. Frick's worsening tooth pain and complete lack of dental care at FDC SeaTac also led to a loss of ability to properly chew his food. This had a profound impact on Mr. Frick's diet, as he could not eat most foods provided at FDC SeaTac and could not adhere to a diet that would avoid exacerbation of his Crohn's symptoms. Mr. Frick's severely compromised diet led to worsening chronic pain.

36. FDC SeaTac did not provide a dietician to assist Mr. Frick with managing his specific dietary needs, specifically with regard to mitigating his Crohn's disease symptoms through an accommodated diet.

37. Indeed, FDC SeaTac provided wholly insufficient meals to Mr. Frick. For days at a time Mr. Frick was served nothing but salad, despite lettuce and tomatoes being dangerous for individuals with Crohn's disease. On other occasions, Mr. Frick was given nothing but one egg and one potato as his food for the entire day.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 7

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

38.     Warden Israel Jacquez had actual knowledge of numerous deficiencies in the medical care system at FDC SeaTac, including a lack of medical care staffing, which directly led to inadequate care provided to Mr. Frick and other FDC SeaTac inmates.

39.     Warden Jacquez implemented the Primary Care Provider Team (PCPT) health service program at FDC SeaTac. The PCPT requires, among other things, that for every 1,000 incarcerated inmates, a prison must have 1 clinical director, 1 health services administrator, 1 licensed physician, 4 mid-level providers, 1 registered nurse, 2 licensed practicing nurses, 2 health technicians, and 1 medical clinical staff provider.

40.     Despite Warden Jacquez's responsibility to execute and adhere to these policies, FDC SeaTac has been consistently short-staffed. On information and belief, FDC SeaTac presently has no clinical director, no licensed physician, 1 mid-level provider and 2 licensed practicing nurses. The PCPT program statement specifically acknowledges that insufficient staffing will have adverse effects on providing adequate inmate healthcare.

41.     FDC SeaTac's staffing shortages also led to an extended outage of the prison's electronic sick call system. As a result, Mr. Frick's multiple attempts to use the electronic sick call system to address his serious medical needs were not received by FDC SeaTac. In effect, this gave Mr. Frick no way to communicate his medical needs other than to discuss his private medical conditions in the prison pill line while in front of other inmates.

42.     Mr. Frick and other inmates at FDC SeaTac were also exposed to COVID-19 due to the failure of FDC SeaTac's staff to follow appropriate COVID-19 Protocols and Warden Jacquez's failure to implement and execute safe procedures.

43.     On January 10, 2022, FDC SeaTac went into a COVID-19 lockdown and the unit housing Mr. Frick was converted into a COVID-19 isolation unit.

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

44.     Counselor Jeffrey Smith, Counselor Behling and Unit Team Supervisor Fernandez coordinated and implemented inmate cell moves. They failed to use reasonable care to avoid spreading COVID-19 by transferring Mr. Frick and other inmates into cells that had minutes prior hosted COVID-19 positive inmates, without any sanitation of the contaminated cells.

45.     Specifically, Mr. Frick was transferred from cell 34 to cell 29, which had held two COVID-19 positive inmates immediately prior.

46.     Consequently, Mr. Frick and other inmates contracted COVID-19.

47.     Mr. Frick received no medical care for his COVID-19 symptoms, resulting in worsening conditions of his already compromised immune system and causing severe cramping, bleeding, and vomiting. Plaintiff has never fully recovered from COVID-19 symptoms.

48.     Counselor Smith, Counselor Behling, Unit Team Supervisor Fernandez, and the FDC SeaTac staff took no special precautions to safeguard Mr. Frick from contracting COVID-19 despite his chronic health conditions leaving him immunocompromised and more susceptible to contracting and suffering elevated harm from COVID-19.

49.     Even after testing positive for COVID-19, Mr. Frick was commanded by Counselor Smith and Counselor Behling to continue working his prison job serving food in the cafeteria, posing a risk of further contamination to the rest of the inmate population, and further health complications to Mr. Frick.

50.     Additionally, under the neglectful execution of Warden Jacquez's COVID-19 policy, FDC SeaTac officers frequently bypassed screening protocols at the prison entrance, scanning their wrists or fingers instead of foreheads for proper temperature readings.

51.     As a result of long-term COVID-19, Mr. Frick has had to endure more frequent Crohn's flare-ups and constant headaches, fevers, chills and loss of sleep as a result of lingering

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 9

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

effects. Mr. Frick had to suffer through his COVID-19 sickness without any help from medical staff, leading to worsening symptoms of his already compromised immune system, and causing cramping, bleeding and vomiting.

52.    Furthermore, during FDC SeaTac's COVID-19 lockdown, inmates including Mr. Frick were given practically no hygiene items, soap, or toilet paper for a two-week period. Inmates including Mr. Frick were also denied shower access for up to five days.

53.    Due to his chronic Crohn's disease, Mr. Frick needed to relieve himself as many as fifteen times per day. Without access to toilet paper or shower facilities, he was unable to clean himself after his frequent bowel movements and had to sit in his excrement for multiple days at a time.

54.    The management and execution of prison COVID-19 protocols fall directly under the responsibilities of FDC SeaTac Warden Israel Jacquez, the policymaker for FDC SeaTac, as well as Clinical Director Scottie Bussell, who is responsible for the overall health of the inmate population.

55.    Warden Jacquez's deficient COVID-19 protocol execution also directly harmed Mr. Frick and other FDC SeaTac inmates.

56.    During initial intake to FDC SeaTac, multiple inmates including Mr. Frick were forcibly tested for COVID-19 without their consent. While in shackles and hand restraints, Mr. Frick was approached by a medical intake screener who, forcefully and without any warning, penetrated Mr. Frick's nasal cavity with a long cotton swab. The swab was inserted with such force and depth it caused Mr. Frick's nose to bleed and his right eye to turn black and blue. Defendant Kevin Posalski witnessed the event and made no effort to stop Mr. Frick's injury or seek medical attention for Mr. Frick after the injury occurred.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 10

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

57.     Warden Jacquez in his individual capacity authorized the policy directing medical staffers to administer COVID-19 tests without inmate consent and deny inmates' ability to choose segregated detainment over the forced tests.

58.     Scottie Bussell and Giles Durano failed to monitor, reply or review requests for medical attention directed to them and their department by Mr. Frick.

59.     Scottie Bussell in his individual capacity is responsible for ensuring that inmates receive proper medical care from the prison's health services department.

60.     To Mr. Frick's recollection, he had sent over 100 medical sick call requests asking to be seen for his Crohn's disease flare-ups but never received a reply or appointment from medical staff.

61.     Giles Durano in his individual capacity is responsible for day-to-day operations in health services, such as scheduling outside care appointments. Mr. Frick's requests for care appointments from outside providers were routinely denied or ignored by Durano and other FDC SeaTac employees, including Maria Dy.

62.     Durano failed to follow-up on Mr. Frick's complaints about the long-term effects of his prednisone prescriptions and concerns over the fact that it was dangerous and harmful for him to take the medication given his chronic Crohn's condition.

63.     Durano also failed to give Mr. Frick access to appointments with outside care providers despite efforts from Mr. Frick's outside doctors to communicate with FDC SeaTac and indicate that they were necessary. Durano failed to schedule an outside dental appointment for Mr. Frick despite Dentist Parker identifying an urgent need for treatment in June, 2021.

64.     Frustrated and ailing from his grossly neglected care, Mr. Frick took multiple affirmative steps to bring attention to his condition, including by filing continued grievances within

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

the prison system. Mr. Frick has filed Bp-8, Bp-9, Bp-10, and Bp-11 grievance forms throughout his period of incarceration at FDC SeaTac. Mr. Frick also filed a civil rights complaint and sought medical release in his pending criminal case.

65.    Despite persistent efforts to exhaust his administrative remedies, Mr. Frick's internal grievances were routinely ignored, rejected, or lost by the FDC SeaTac staff.

66.    Inmate grievances, including Mr. Frick's, were often never submitted at all. FDC officers, including Counselor Smith, frequently stated that they were "too busy" and had "more important things to do" than process inmates' efforts to exhaust administrative remedies.

67.    At some time during Mr. Frick's incarceration, FDC SeaTac changed the grievance process for prisoners without telling them, thwarting the prudent efforts of Mr. Frick and other inmates to seek medical attention through internal mechanisms. This policy change was initiated by Warden Jacquez and implemented by Counselor Smith, Counselor Behling, and Unit Team Supervisor Fernandez, among other FDC SeaTac officers.

68.    On numerous occasions throughout Mr. Frick's incarceration at FDC SeaTac, his access to the prison law libraries and even his own attorneys was barred, further hampering his ability to navigate the prison's internal grievance systems and pursue legal relief for his neglected care.

69.    On July 5, 2022, Mr. Frick's attorney in his criminal case, Paula Olson, filed a motion to review his detention order due because Mr. Frick was not receiving any dental or medical care and his physical condition was deteriorating. *See* Criminal Case Dkt. 67.

70.    On July 7, 2022, Mr. Frick had a large amount of blood in his stool, was lightheaded and suffered severe abdominal pain. A correctional officer called for a health services staff member to evaluate Mr. Frick. Rather than receiving proper emergency care from a doctor, Mr. Frick was briefly examined by Clinical Director Scottie Bussell in public, through a window, while Mr. Frick

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 12

remained in his cell. Bussell did not do a physical examination of his swollen and pained abdomen. Bussell merely altered Mr. Frick's prescriptions, ordered a Gastroenterology imaging and consult, and scheduled a dental exam.

71.    On July 15, 2022, Dr. Maria Dy ordered a draw of Mr. Frick's blood and found indications of serious heart problems. FDC SeaTac also ran blood pressure tests on Mr. Frick but only reported only some of the results. FDC SeaTac's selective reporting gave the false impression that Mr. Frick's blood pressure was normal despite it being extremely high. *See* Criminal Case Dkt. No. 82.

72.    Clinical Director Scottie Bussell, Health Services Admin Giles Durano, Acting Health Services Admin Kevin Posalski, and Health Services Admin T. Thomas failed to properly monitor Mr. Frick's lab results and high blood pressure, and did not perform under their responsibility to take appropriate action to facilitate Mr. Frick's necessary medical care.

73.    On August 3, 2022, FDC SeaTac finally scheduled for Mr. Frick to be seen by an outside doctor for medical evaluation, but FDC SeaTac's officers, including Scottie Bussell and Giles Durano, failed to send Mr. Frick's lab results to the outside medical facility. As a result, Mr. Frick was turned away at the outside medical facility because his appointment could not be held without the medical records.

74.    On November 3, 2022, Mr. Frick was provided with a prescription for amoxicillin and a narcotic for pain from outside oral surgeon. However, upon return to FDC SeaTac, Mr. Posalski substituted the prescription from Mr. Frick's surgeon for ibuprofen. Ibuprofen is extremely dangerous for individuals with Crohn's disease and can cause severe internal bleeding and other complications. The ibuprofen was administered as Mr. Frick's only option for pain relief despite these known dangers. As a result, Mr. Frick experienced exacerbated pain and other severe symptoms.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 13

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

75.    Recognizing that Mr. Frick was receiving grossly inadequate care at FDC SeaTac, the Judge in Mr. Frick's Criminal Case ordered his release from custody on December 15, 2022, to seek community-based medical care.

76.    Mr. Frick was released by Kevin Posalski, T. Thomas, and the FDC SeaTac HSA staff without his prescription steroid medications, which resulted in significant adverse withdrawal effects due to the requirement to taper down off this medication. His community-based physicians determined he experienced a heart attack, likely the result of him not having access to prednisone after his release. As his cardiac condition was further explored, Mr. Frick was diagnosed with coronary myocardial bridge, diffuse coronary artery disease, essential hypertension, dyspnea on exertion (likely related to his coronary condition), and arteriosclerotic cardiovascular disease. Mr. Frick's cardiac issues are monitored by an implanted device that is monitored on a continuous basis by a third-party vendor.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
(*Bivens* Claim for Deliberate Indifference to Serious Medical Needs in Violation of the
Fifth Amendment to the Constitution of the United States)
(Against All Defendants)

77.    Mr. Frick restates and incorporates herein the allegations set forth in the foregoing paragraphs of the Complaint as if fully set forth herein.

78.    Defendants were aware of Mr. Frick's chronic health conditions and urgent dental issues but made no effort to provide or facilitate the medical care he needed.

79.    Through their own actions and under color of federal law, Defendants each demonstrated a continuous, deliberate indifference to Mr. Frick's medical needs.

80.    Dr. Maria Dy was aware of Mr. Frick's Crohn's diagnosis but failed to provide appropriate treatment. Dr. Dy prescribed Mr. Frick prednisone, a medication that is known to be harmful for individuals with Crohn's disease. Additionally, Dr. Dy failed to monitor Mr. Frick's

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

chronic condition, schedule follow-up appointments to provide treatment, order necessary lab work to further evaluate Mr. Frick's condition, or otherwise provide necessary follow-up care.

81. Dentist James Parker was aware of Mr. Frick's urgent dental needs, including his rapidly decaying anchor tooth, and did not provide care or refer Mr. Frick to an outside care provider until the tooth was rotted to the nerve and unable to properly support Mr. Frick's dentures.

82. Clinical Director Scottie Bussell and Health Services Administrator Giles Durano were aware of Mr. Frick's medical conditions and urgent need for medical treatment but did not facilitate getting Mr. Frick the care he needed internally or from outside providers, allowing his conditions to go untreated.

83. Scottie Bussell, as FDC SeaTac's Clinical Director, failed to monitor, reply, or review requests for medical attention directed to him and his department by Mr. Frick in regard to Mr. Frick's frequent Crohn's disease symptoms and requests for medical care. Mr. Frick recalls filing over 100 medical sick call requests asking to be seen for his Crohn's disease symptoms but never received a reply or properly scheduled appointment.

84. Scottie Bussell also failed to properly arrange for medical treatment upon finding Mr. Frick violently ill in his cell, with a large amount of blood in his stool and suffering from severe abdominal pain. Bussell did not even conduct a physical examination of Mr. Frick and failed to coordinate additional necessary medical care.

85. Giles Durano is responsible for day-to-day operations in health services, such as scheduling outside care appointments. Durano failed to follow up on Mr. Frick's complaints about the adverse effects of his prednisone prescription and neglected to schedule medical appointments with outside providers to address Mr. Frick's serious medical needs. This includes neglecting to schedule an outside dental appointment Mr. Frick needed to fix the exposed nerve in his tooth. Durano's deliberate indifference to Mr. Frick's urgent dental needs caused Mr. Frick irreversible

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 15

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

and severe dental damage that now affects his ability to speak, chew food, and maintain a diet appropriate for managing his Crohn's disease.

86.     Warden Israel Jacquez inadequately managed and implemented the health program at FDC SeaTac, reflecting a deliberate indifference to inmate safety and ultimately allowing Mr. Frick's conditions to go untreated. Jacquez violated published professional standards of care at FDC SeaTac and the Bureau of Prison's own protocol for medical care, including the handling of the prison's COVID-19 lockdown and forced patient testing procedures.

87.     Warden Jacquez also authorized the policy allowing FDC SeaTac medical staffers to forcibly administer COVID-19 tests without Mr. Frick's consent, and in a violent manner that caused him severe health complications.

88.     Defendants Jeffrey Smith, Christopher Fernandez, and Jason Behling failed to adhere to COVID-19 safety protocols and exposed Mr. Frick and other inmates to COVID-19 by moving inmates to cells that had minutes prior been occupied by positive-testing inmates, and without any sanitation efforts to decontaminate the cells.

89.     Defendants Smith and Behling further acted with deliberate indifference to Mr. Frick's serious medical needs by forcing him to continue working his job serving food to other inmates after having tested positive for COVID-19.

90.     Defendants Kevin Posalski and T. Thomas failed to provide Mr. Frick with proper medications upon his release, failing to accommodate his conditions and resulting in Mr. Frick experiencing acute steroid withdrawal and later suffer a heart attack.

91.     Posalski and Thomas further demonstrated deliberate indifference to Mr. Frick's serious medical needs by baselessly substituting the medication prescribed by his outside provider with ibuprofen. Ibuprofen is extremely dangerous to individuals with Crohn's disease and can cause severe internal bleeding, among other adverse effects.

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 16

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

92.     Posalski and Thomas also neglected to monitor Mr. Frick's lab results and provide treatment for his documented high blood pressure.

93.     Defendants' deliberate indifference in their refusal to provide necessary protection to vulnerable prisoners including Mr. Frick and/or their direct refusal to intervene once they observed or were notified about Mr. Frick's deficient care constitutes a willful or malicious violation of Mr. Frick's constitutional, statutory, and civil rights, which justifies an award of exemplary and punitive damages.

94.     Therefore, in addition to compensatory damages, Mr. Frick seeks an award of exemplary and punitive damages, reasonable attorneys' fees, and costs against Defendants as for this Claim, in an amount to be determined at trial.

Dated this 21st day of October 2024.

*s/Alexander Vitruk*
Alexander Vitruk, WSBA No. 57337
Anthony Mahmud, WSBA No. 62375
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Phone: (206) 332-1380
avitruk@bakerlaw.com
amahmud@bakerlaw.com

*Attorneys for Defendant*

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kristin Berger Johnson
US ATTORNEY'S OFFICE (SEA)
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
E-mail:  Kristin.b.johnson@usdoj.gov

DATED:  October 21, 2024

s/ Pandy Savage McVay
Pandy Savage McVay, Legal Assistant

PLAINTIFF'S FOURTH AMENDED COMPLAINT - 18

BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA  98104-4076
Telephone:  (206) 332-1380