UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER FRICK,

               Plaintiff,

    v.

MARIA DY, et al.,

               Defendants.

Case No. C22-0801-JHC-SKV

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT

INTRODUCTION

Plaintiff Christopher Frick proceeds with counsel in this civil rights action proceeding pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Now pending before the Court is Plaintiff's Motion for Leave to File Fifth Amended Complaint. Dkt. 120. Defendants oppose the motion. Dkt. 121. The Court, having considered the motion, all documents filed in support and opposition, and the remainder of the record, herein GRANTS the motion to amend for the reasons discussed below.

BACKGROUND

On January 9, 2013, Plaintiff was sentenced to 108 months of custody and five years of supervised release on allegations of conspiracy to distribute a controlled substance and counterfeiting. *See United States v. Frick*, CR12-0062-RAJ-27, Dkt. 570. After he had served

his term of custody and began his term of supervised release, Plaintiff was, on May 20, 2021, arrested pursuant to a warrant related to the government's motion to revoke his supervised release based on allegations that he had violated conditions of supervision. *See id.*, Dkts. 1515, 1520. He denied the violations, was ordered detained and remanded to custody at Federal Detention Center, SeaTac (FDC SeaTac), and remained in custody until the Court granted his motion for temporary release on December 14, 2022. *Id.*, Dkts. 1515, 1520, 1561-63.

Plaintiff brought the current action in June 2022, proceeding pro se. Dkt. 1. His claims relate to medical care during his detention at FDC SeaTac between May 20, 2021 and December 15, 2022. *See* Dkt. 111. Prior to obtaining counsel, Plaintiff amended his complaint on three occasions. *See* Dkts. 13, 24 & 52. He filed his First Amended Complaint after an initial Order declining to serve the complaint and granting leave to amend. Dkts. 10 & 13. His Second Amended Complaint followed a second Order declining service and granting leave to amend, in which the Court identified Plaintiff as a pretrial detainee and explained that his conditions of confinement claims were therefore properly brought under the Fifth Amendment, not the Eighth Amendment. Dkt. 17 at 2, n.1 & 9-10 (stating court records revealed Plaintiff "is awaiting adjudication of charges for possession of a controlled substance with intent to distribute" and identifying the inclusion of an Eighth Amendment claim as a deficiency because "it is the Due Process Clause of the Fifth Amendment that applies to conditions of confinement claims asserted by federal pretrial detainees."); Dkt. 24. The Court subsequently granted, in part, Plaintiff's request to file his Third Amended Complaint adding certain Defendants and claims. Dkts. 48 & 52. The Court also denied a motion to dismiss on the issue of exhaustion of administrative remedies, Dkts. 76-77, granted Plaintiff's motion for the appointment of counsel with

consideration of the need for an evidentiary hearing on exhaustion, Dkt. 92, and, on April 3, 2024, issued an Order appointing counsel, Dkt. 93

After the appointment of counsel and the scheduling of an evidentiary hearing, the parties stipulated to both striking the evidentiary hearing upon finding it no longer necessary and to Plaintiff's filing of a fourth amended pleading. Dkts. 108-09. Plaintiff thereafter filed the Fourth Amended Complaint, Dkt. 111, and the Court issued a revised scheduling order setting, *inter alia*, a deadline of April 14, 2025 for filing amended pleadings, Dkt. 115. On March 10, 2025, Plaintiff filed the motion to amend currently under consideration. Dkt. 120.

The Court also, on March 30, 2025 and upon the parties' stipulation, stayed all deadlines in this matter pending the Court's ruling on Plaintiff's motion to amend and Defendants' anticipated motion to dismiss. Dkt. 123. The Court directed Defendants to file a motion to dismiss, or a responsive pleading, within thirty days of a ruling on the motion to amend or after service of the amended pleading, whichever was later. *Id*.

## DISCUSSION

Under Federal Rule of Civil Procedure 15(a), the Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend serves the purpose of Rule 15 to "'facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoted source omitted). The Rule's policy of favoring amendments "should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (cleaned up and citations omitted).

Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Foman v. Davis*,

371 U.S. 178, 182 (1962).  Courts often also consider whether a party previously amended a pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  However, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

In this case, Plaintiff seeks leave to amend his operative pleading by adding a claim under the Eighth Amendment.  Defendants oppose the motion as futile, sought in bad faith after multiple amendments, and as resulting in undue delay and prejudice.  The Court considers these arguments in turn.

A.  <u>Futility</u>

Plaintiff notes he was arrested and detained in May 2021 based on allegations of supervised released violations stemming from his January 2013 post-conviction sentencing.  He points to cases in the Ninth Circuit holding that the Eighth Amendment provides the proper standard by which a court may analyze claims when the plaintiff was confined as a result of a parole violation.  *See Flores v. Mesenbourg*, No. 95-17241, 116 F.3d 483, 1997 WL 303277, at *1 (9th Cir. 1997) (unpublished); *Trehearne v. Huggett*, C24-1896, 2025 WL 553358, at *3 (E.D. Cal. Feb. 19, 2025); *Nordenstrom for Est. of Perry v. Corizon Health, Inc.*, C18-1754, 2021 WL 2546275, at *7 (D. Or. June 18, 2021); *Flores v. Cnty. of Fresno*, C19-1477, 2020 WL 4339825, at *3, n.3 (E.D. Cal. July 28, 2020); *Jensen v. Cnty. of Los Angeles*, C16-1590, 2017 WL 10574058, at *7 (C.D. Cal. Jan. 6, 2017).  Plaintiff acknowledges Ninth Circuit cases holding to the contrary, but denies they are controlling.  He argues he should be afforded the opportunity to test his *Bivens* claim under the Eighth Amendment in light of the intra-circuit split, which makes it at least plausible he should be treated as a post-conviction prisoner.

1    Defendants argue the weight of persuasive authority establishes Plaintiff was a pretrial

2  detainee when he was detained pending conviction and sentencing on supervised release

3  violations.  *See, e.g.*, *Sandoval v. County of San Diego*, 985 F.3d 657, 667-69 (9th Cir. 2021);

4  *Christie v. Dep't of Corr.*, C22-5692-TMC, 2024 WL 3939287, at *6-7 (W.D. Wash. Aug. 26,

5  2024); *Hanington v. Multnomah Cnty.*, 593 F. Supp. 3d 1022, 1033 (D. Or. 2022) (citing *Ressy v.*

6  *King Cnty.*, 520 F. Appx 554, 555 (9th Cir. 2013) (unpublished)).  *See also* Dkt. 121 at 4-5

7  (citing other cases).  Defendants argue Plaintiff's request to add an Eighth Amendment claim is

8  therefore futile.

9    Futility alone can justify denying a motion to amend.  *Johnson v. Buckley*, 356 F.3d 1067,

10  1077 (9th Cir. 2004).  However, "[d]enial of leave to amend on this ground is rare.  Ordinarily,

11  courts will defer consideration of challenges to the merits of a proposed amended pleading until

12  after leave to amend is granted and the amended pleading is filed."  *Netbula, LLC v. Distinct*

13  *Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  *Accord Bio Energy (Washington), LLC v. King*

14  *Cnty., Washington*, C23-0542-LK, 2024 WL 1974340, at *4 (W.D. Wash. May 3, 2024).

15  "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal

16  standards applicable to motions to amend and the fact that the parties' arguments are better

17  developed through a motion to dismiss."  *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D.

18  338, 346-47 (D. Nev. 2022).  *See also Foman*, 371 U.S. at 182 ("If the underlying facts or

19  circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded

20  an opportunity to test his claim on the merits.").  Leave to amend should be denied only if it is

21  "beyond doubt" the amended complaint would be subject to dismissal for failure to state a claim.

22  *DCD Programs, Ltd.*, 833 F.2d at 188.  *See also Barahona v. Union Pac. R.R.*, 881 F.3d 1122,

23  1134 (9th Cir. 2018) ("leave to amend should be denied as futile 'only if no set of facts can be

proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense'") (quoted sources omitted).

The Court declines to find the proposed amendment futile. Instead, the Court finds the issue of the potential applicability of the Eighth Amendment "better suited for a fully-briefed dispositive motion." *Puget Soundkeeper All. v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 897-98 (W.D. Wash. 2021). *Accord Intellicheck Mobilisa, Inc. v. Honeywell Int'l Inc.*, C16-0341-JLR, 2017 WL 3772708, at *2 (W.D. Wash. Aug. 30, 2017) ("This challenge related to the sufficiency of the proposed second amended complaint, even if merited, remains better left for full briefing on a dispositive motion to dismiss.").

B. <u>Bad Faith and Prior Amendments</u>

In asserting bad faith, Defendants point to the Court's prior determination that the Fifth Amendment applied to Plaintiff as a pretrial detainee, Plaintiff's failure to seek reconsideration of that determination, the subsequent filing of amended pleadings reasserting claims under the Fifth Amendment, including the Fourth Amended Complaint filed after the appointment of counsel, and the nearly one year delay before the proposal of a Fifth Amended Complaint. Defendants also note that Plaintiff here asserts that the Court's prior determination "'may not be correct'" and that it is "'at least plausible'" he should be treated as a post-conviction prisoner, Dkt. 121 at 6 (quoting Dkt. 120 at 5), and reiterate their arguments as to futility.

However, in the context of a motion for leave to amend, bad faith means affirmatively acting with an intent to deceive, harass, mislead, delay or disrupt. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015). Bad faith is more than acting with bad judgment or negligence, and implies a "'conscious doing of a wrong because of

dishonest purpose or moral obliquity[.]" *Id*. (quoting *United States v. Manchester Farming Pship,* 315 F.3d 1176, 1185 (9th Cir. 2003)).

The Court finds no support for the assertion of bad faith. It is not surprising Plaintiff did not seek reconsideration when proceeding pro se, and counsel reasonably explains that it was only after shifting his focus from the now stricken evidentiary hearing that he discovered the nuanced legal issue relating to the merits. Moreover, neither delay alone, nor the mere fact of prior amendments amounts to bad faith. *See Wizards of the Coast LLC*, 309 F.R.D. at 651; *Intellicheck Mobilisa, Inc.*, 2017 WL 3772708, at *3. The Court further, and as discussed above, finds the issue of the applicability of the Eighth Amendment better addressed within the context of a fully briefed dispositive motion.

C.     Undue Delay and Prejudice

Defendants also argue the amended pleading will result in undue delay and will prejudice the eight federal employees sued in their individual capacities. They assert they will be burdened by having to continue to defend a lawsuit that has been pending since 2022, and will be forced to expend additional time and resources to prepare a dispositive motion addressing claims this Court previously found invalid on screening.

"'Undue delay' is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Wizards of the Coast LLC*, 309 F.R.D. at 651. The court considers whether the party seeking to amend "knew or should have known the facts and theories raised by the amendment at the time of the original pleading," but the mere fact the complaint could have been amended earlier does not alone justify denying leave to amend. *Id*. at 651-52. *See also United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend."). The court also considers, for example,

whether discovery has closed and proximity to the trial. *Wizards of the Coast LLC*, 309 F.R.D. at 652.

Prejudice carries the most weight in considering a motion to amend. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Prejudice may arise from the introduction of new allegations requiring additional discovery or delay in the resolution of a case, *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006), or "'undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Wizards of the Coast LLC*, 309 F.R.D. at 651-52 (quoted cases omitted). The party opposing amendment bears the burden of showing undue prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187. They must do more than merely assert prejudice; they must show unfair disadvantage or deprivation of the opportunity to present facts or evidence that could have been offered with timely amendments. *Wizards of the Coast LLC*, 309 F.R.D. at 652. Neither mere delay, nor the fact additional discovery may be needed suffices to establish undue prejudice. *Id*.

Again, the delay in the amendment is reasonably explained by Plaintiff's prior pro se status and the history of these proceedings. Also, although pending for a considerable period of time, this case nonetheless remains at an early stage. Plaintiff timely filed the motion to amend prior to the deadline for amended pleadings, and well prior to the now stricken deadlines for the completion of discovery, filing of dispositive motions, and the date of trial. *See* Dkts. 115, 120 & 123. Plaintiff notes that no depositions have been taken and that the parties are only in the early stages of exchanging written discovery. In addition, while adding a new legal basis for Plaintiff's claim, the amendment does not alter any of the underlying factual allegations set forth in the prior amended pleading. The Court, for these reasons, finds neither undue delay, nor undue prejudice established in relation to the motion to amend.

The Court does, however, acknowledge that allowing this amendment will require additional time and resources for Defendants to respond to the modified claim in their anticipated dispositive motion. The Court will therefore extend the deadline for filing such a motion, or a responsive pleading, to account for that need.

## CONCLUSION

The Court finds Plaintiff entitled to amend his pleading under Rule 15(a). Accordingly, Plaintiff's Motion for Leave to File Fifth Amended Complaint, Dkt. 120, is GRANTED. Plaintiff is herein ORDERED to file a signed copy of the Fifth Amended Complaint, *see id*., Ex. B, within **three (3) days** of the date of this Order, and Defendants shall file a motion to dismiss, or a responsive pleading, within **sixty (60) days** of the date of this Order. The Clerk is directed to send copies of this Order to the parties.

Dated this 12th day of May, 2025.

S. KATE VAUGHAN
United States Magistrate Judge